UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW CAMPBELL, | : |
| Plaintiff, | : C.A. No. 14-CV-6041 (AJN) |
| -against- | : ECF CASE |
| LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK, | : |
| Defendant. | : |

## ANSWER

NOW COMES Defendant Lincoln Life & Annuity Company of New York ("Lincoln") and answers Plaintiff's Complaint as follows:

1. In response to Paragraph 1, Lincoln admits that this Court has jurisdiction under ERISA. Lincoln admits that it issued a policy of group insurance that funded, in part, Plaintiff's employer's ERISA plan. Lincoln further admits that Plaintiff brings an action under ERISA, but denies that Plaintiff is entitled to any relief with respect thereto.

2. The first sentence of Paragraph 2 of the Complaint constitutes a conclusion of law to which no response is required. In response to the second sentence, Lincoln admits that Plaintiff pursued the available administrative appeals pursuant to the terms of the Policy and that the matter is properly before this Court for judicial review. Otherwise, Lincoln denies the allegations contained in the second sentence of Paragraph 2.

3. In response to Paragraph 3, Lincoln admits that it does not challenge venue in this Court but otherwise denies the allegations.

4.      Lincoln is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5, Lincoln admits that it is an insurance company licensed in New York.  Otherwise, Lincoln denies the allegations contained in paragraph 5 of the Complaint.

6.      In response to Paragraph 6, Lincoln admits that it issued a policy of group insurance to Plaintiff's former employer and that under the Policy, Lincoln is responsible for determining eligibility for benefits and for payment of benefits.   Otherwise, Lincoln denies the allegations contained in paragraph 6 of the Complaint.

7.      In response to Paragraph 7, Lincoln admits that plaintiff was at one point employed with Greater New York Mutual Insurance Company as an underwriter.

8.      In response to paragraph 8, Lincoln admits that plaintiff was at one point insured under the Policy pursuant to his employment with Greater New York Mutual Insurance Company.

9.      In response to Paragraph 9, Lincoln admits that the Policy insured, in part, the employer's ERISA plan.

10.     In response to paragraph 10, Lincoln admits that Plaintiff at one time was insured under the Policy.  Otherwise, the allegations in paragraph 10 constitute conclusions of law to which no response is required.

11.     In response to Paragraph 11, Lincoln admits that Plaintiff ceased working on or around November 18, 2011, allegedly due to certain medical conditions. In further answering, Lincoln states that information concerning plaintiff's medical conditions is set forth in the administrative record and speaks for itself.  Lincoln denies the allegations contained in Paragraph

11 to the extent incomplete or inconsistent with the information set forth in the administrative record.

12. Lincoln denies the allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits the allegations contained in Paragraph 13 of the Complaint.

14. In response to Paragraph 14, Lincoln states that the letter of April 20, 2012 is set forth in the administrative record and speaks for itself. Lincoln denies the allegations contained in Paragraph 14 to the extent they are incomplete or inconsistent with the letter.

15. In response to Paragraph 15, Lincoln states that plaintiff's appeal letter and the functional capacity evaluations are set forth in the administrative record and speak for themselves. Lincoln denies the allegations contained in Paragraph 15 to the extent they are incomplete or inconsistent with the letters.

16. In response to Paragraph 16, Lincoln states that the letter of December 17, 2012 is set forth in the administrative record and speaks for itself. Lincoln denies the allegations contained in Paragraph 16 to the extent they are incomplete or inconsistent with the letter.

17. In response to Paragraph 17, Lincoln states that the letter of April 27, 2013 and supporting documents are set forth in the administrative record and speak for themselves. Lincoln denies the allegations contained in Paragraph 17 to the extent they are incomplete or inconsistent with the letter and supporting documents.

18. In response to Paragraph 18, Lincoln states that the letter of July 23, 2013 is set forth in the administrative record and speaks for itself. Lincoln denies the allegations contained in Paragraph 18 to the extent they are incomplete or inconsistent with the letter.

19. Lincoln admits the allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20, Lincoln admits it is responsible for determining eligibility for benefits and for payment of benefits. Otherwise, Lincoln denies the allegations contained in Paragraph 20 of the Complaint.

21. Lincoln denies the allegations contained in Paragraph 21 of the Complaint.

22. Lincoln denies the allegations contained in Paragraph 22 of the Complaint.

Lincoln repeats and realleges every allegation set forth in paragraphs "1" through "22" as if fully set forth at length herein.

23. In response to Paragraph 23, Lincoln states that that the Policy speaks for itself. Lincoln denies the allegations contained in Paragraph 23 of the Complaint to the extent incomplete or inconsistent with the terms of the Policy.

24. Lincoln denies the allegations contained in Paragraph 24 of the Complaint.

25. Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint.

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Lincoln states that the only fiduciary role it took on was as claims administrator responsible for making benefits determinations under the Policy. Otherwise, Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30. Lincoln denies the allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies the allegations contained in Paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in Paragraph 32 of the Complaint.

## FIRST DEFENSE

Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred as a result of his failure to satisfy the terms of the Policies in that Plaintiff failed to prove that he was disabled under those terms.

## THIRD DEFENSE

Lincoln has discretion to interpret the Policy, make eligibility determinations under the Policy, and make any and all factual determinations under the Policy. Lincoln's determinations are entitled to deference. Lincoln properly exercised its discretion in considering Plaintiff's claim.

## FOURTH DEFENSE

Any benefits due under the Policy are subject to offset, integration, or other deductions or adjustments in accordance with the Policy terms.

## FIFTH DEFENSE

Plaintiff is limited to the evidence and arguments presented during the administrative process.

## SIXTH DEFENSE

There is no vesting of benefits under the Policy, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

**SEVENTH DEFENSE**

ERISA provides the exclusive mechanism for resolution of Plaintiff's claims. To the extent Plaintiff makes claims or seeks remedies not provided by ERISA, those claims and/or remedies are preempted by ERISA.

**EIGHTH DEFENSE**

Plaintiff's claims are barred because the actions of Lincoln were not arbitrary, capricious, unreasonable or made in bad faith.

**NINTH DEFENSE**

The decisions of Lincoln with respect to Plaintiff's claims are entitled to deferential review.

**TENTH DEFENSE**

To the extent the Court determines that Plaintiff is entitled to benefits, such benefits are subject to all terms and conditions of the Policy.

REQUESTED RELIEF

Lincoln respectfully requests: (i) that the Court dismiss Plaintiff's claims against Lincoln with prejudice and that judgment be entered in Lincoln's favor on such claims; (ii) that Lincoln be awarded its costs of suit incurred herein, including reasonable attorneys' fees; and (iii) that the Court grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted,

Dated:  October 8, 2014

/s/ Mark B. Rosen
Mark B. Rosen
PIERCE ATWOOD LLP
One New Hampshire Avenue, Suite 350
Portsmouth, NH  03801
Tel:  (603) 433-6300
Fax: (630) 433-6372
mrosen@pierceatwood.com

Byrne J. Decker (*pro hac vice*)
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
Tel:  (207) 791-1100
Fax: (207) 791-1350
bdecker@pierceatwood.com

*Attorneys for Defendant Lincoln Life & Annuity Company of New York*